UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DONNA S. SMITH,

                 Plaintiff,

v.

MICHAEL J. DEVITO,

                 Defendant.
_____

**DECISION AND ORDER**

6:23-CV-06465 EAW

## INTRODUCTION

*Pro se* plaintiff Donna A. Smith ("Smith") commenced this action on July 19, 2023, against defendant Michael J. DeVito ("DeVito"), claiming that she was wrongfully fired from her position as a court reporter with the New York State Unified Court System and otherwise treated unlawfully. (Dkt. 1). Pending before the Court is DeVito's motion to dismiss. (Dkt. 13). The motion is granted, but because of Smith's *pro se* status, she is granted leave to file an amended complaint in accordance with this Decision and Order within thirty (30) days.

## BACKGROUND

Smith initially commenced this action in the Northern District of New York, but the case was transferred to this District because the claims related to events occurring in Rochester, New York. (Dkt. 4 at 4-5). Smith filed her complaint by using a form intended for claims asserted pursuant to 42 U.S.C. § 1983. (Dkt. 1). She alleges that DeVito called her while she was in California and told her that he would like to hire her "provisionally" as a court reporter, but he failed to disclose any rules required for performance of her

- 1 -

position. (*Id.* at ¶ 4). Smith alleges that she was ultimately fired. (*Id.*). Smith seems to suggest that she was not permitted to use "audio sync" to create transcripts, which caused her not to be able to make an accurate record. (*Id.*).

Smith alleges three causes of action: (1) "[f]ailure to provide accurate details about the position and for deceiving me into thinking that I would be on probation up to one year"; (2) intentional infliction of emotional distress based on DeVito telling Smith, in sum and substance, "[w]e're going to get you eventually" and failing to check on Smith after a disturbance between her and another senior court reporter; and (3) pain and suffering caused by having to move from California to New York and then back again within a three month time period. (*Id.* at ¶ 5). Smith also seems to accuse DeVito of negligence in her wherefore clause, although any such claim is not alleged as a separate cause of action. (*Id.* at ¶ 6).

On January 31, 2025, the Court granted Plaintiff's application to proceed *in forma pauperis*, screened the complaint pursuant to 28 U.S.C. § 1915(e)(2), and permitted the complaint (as supplemented by the charge of discrimination) to proceed to service. (Dkt. 9). The charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC") against the New York State Unified Court System, alleges that Smith was hired on or about April 28, 2022, as a provisional court reporter, and that she was discharged on June 10, 2022, for poor work quality. (Dkt. 3). Smith alleges that she was discriminated against based on her race "(black/African American)" in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.* ("Title VII"). (*Id.*).

On March 18, 2025, DeVito filed a motion to dismiss.  (Dkt. 13; Dkt. 16).  The Court issued a scheduling order on March 19, 2025, advising Smith that she needed to respond to the motion no later than April 16, 2025, or else the claims may be dismissed without a trial. (Dkt. 15).  Smith sought an extension of time, and the Court extended the deadline to May 16, 2025.  (Dkt. 19).  The Court again extended the deadline at Smith's request to June 13, 2025.  (Dkt. 21).  Smith never filed papers in opposition to the motion.

## DISCUSSION

I.   **Legal Standard**

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).  A court should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016).  To withstand dismissal, a claimant must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

In addition, "[i]t is well settled that pro se litigants generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (internal quotation marks omitted). Similarly, a court should generally grant a *pro se* plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir.1999) (internal quotation marks omitted).

## II. ANALYSIS

### A. 42 U.S.C. § 1983

DeVito argues that Smith has failed to plausibly allege the elements of a § 1983 claim, failed to allege his personal involvement in any violations, and failed to establish compliance with the applicable statute of limitations. (Dkt. 16 at 7-12). As to the last argument, DeVito ignores the dates contained in the EEOC charge which the Court construed as supplementing the complaint (Dkt. 9), and thus the Court is not persuaded by this argument. Plus, it is not Smith's obligation to establish compliance with an affirmative defense asserted by DeVito.

But at least as to the first argument (failure to allege the elements of a claim), the Court agrees. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)). "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). In addition, "[a] defendant in a § 1983 action may not be held liable for damages for constitutional violations merely because he held a high position of authority. Rather, the personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Victory v. Pataki*, 814 F.3d 47, 67 (2d Cir. 2016) (citation modified); *see also Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) ("[T]here is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" (quoting *Iqbal*, 556 U.S. at 676)).

Smith's complaint is bare bones and lacks adequate facts to identify the right that was allegedly violated or how DeVito violated those rights. For instance, failing to provide accurate details about the rules for performing court reporting services, as alleged in the first cause of action, does not on its face rise to the level of a constitutional violation or other violation of federal law so as to constitute a violation of § 1983. Thus, the first cause

of action is dismissed without prejudice and with leave to replead. In any amended complaint, Smith must provide details and identify the rights that were allegedly violated so as to constitute a § 1983 claim.

### B. Intentional Infliction of Emotional Distress

DeVito argues that Smith has failed to state a claim for intentional infliction of emotional distress based on the allegations that he stated "[w]e're going to get you eventually," or "something to that effect" and his failure to check on Smith after a disturbance with another senior court reporter. (Dkt. 16 at 10-11). The Court agrees.

First, to the extent Smith has attempted to assert a claim for intentional infliction of emotional distress pursuant to § 1983, there is no "federal law or constitutional principle on which to base such a claim." *Nichols v. Livingston County*, No. 6:18-CV-06669 EAW, 2019 WL 3935998, at *8 (W.D.N.Y. Aug. 20, 2019) (quoting *Lamont v. City of New York*, No. 12-CV-2478 WFK JMA, 2014 WL 4829328, at *7 n.7 (E.D.N.Y. Sept. 29, 2014)). In other words, Smith cannot state a § 1983 claim for intentional infliction of emotional distress, because such a claim does not implicate the Constitution or any other federal law.

Second, to the extent Smith attempts to assert a claim for intentional infliction of emotional distress under New York State law, her allegations are inadequate. To state such a claim under New York State law, a plaintiff must plausibly allege "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." *Howell v. N.Y. Post Co., Inc.*, 81 N.Y.2d 115, 121 (1993).

The factual claims made by Smith, even if true, do not come anywhere close to satisfying this standard.

While the Court seriously questions Smith's ability to cure these deficiencies based on the facts alleged here, because of her *pro se* status the claim is dismissed without prejudice and with leave to replead.

### C. Pain and Suffering

DeVito argues that the third cause of action is actually a repeat of the prior claims and simply states the damages Smith seeks. (Dkt. 16 at 11-12). The Court agrees. Thus, the third cause of action is dismissed without prejudice.

Also, while not addressed by DeVito, to the extent Smith is alleging negligence in the wherefore clause of her complaint, she has failed to plausibly allege such a claim. "To establish a prima facie case of negligence under New York law, 'a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom.'" *Crout v. Haverfield Int'l, Inc.*, 269 F. Supp. 3d 90, 96 (W.D.N.Y. 2017) (quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006)). In addition, "to state a claim for negligent supervision, hiring, training or retention of employees, a plaintiff must allege, in addition to the usual elements of negligence, that the defendant employer 'knew of [an] employee's propensity to commit the alleged acts or that defendant should have known of such propensity had it conducted an adequate hiring procedure.'" *AA by BB v. Hammondsport Cent. Sch. Dist.*, 527 F. Supp. 3d 501, 508 (W.D.N.Y. 2021) (quoting *N.U. v. East Islip Union Free Sch. Dist.*, 2017 WL 10456860 at

\*16 (E.D.N.Y. 2017)). Also, the employee's actions must have been outside of the scope of employment. *Id.*

To the extent Smith is intending to pursue such a claim, she must plausibly allege facts satisfying the elements of such a claim in any amended complaint.

D. Title VII

This Court expressly stated when it screened the complaint that it was considering it to be supplemented by the EEOC charge. (Dkt. 9). But DeVito does not expressly address Title VII in his motion to dismiss. (Dkt. 13). That said, there are problems with Smith's Title VII allegations—not the least of reasons being because she did not allege a cause of action for Title VII in her actual complaint, nor did she name DeVito in the EEOC charge. *See Felton v. Monroe Cmty. Coll.*, 579 F. Supp. 3d 400, 407-08 (W.D.N.Y. 2022) (explaining that an exception to the administrative exhaustion requirement where the defendant is not named in EEOC charge exists where there is an identity of interest between the defendant and the party named in the EEOC charge). Furthermore, it appears that Smith may have failed to commence the action within 90 days of receiving a right to sue letter from the EEOC. (Dkt. 3 at 1).

Because the claims in the body of the complaint are dismissed for the reasons set forth herein, and because the Court is affording Smith an opportunity to cure the deficiencies discussed herein, she will similarly be allowed to reassert her Title VII claim in any amended complaint. Smith should make sure to detail in the body of any amended complaint the basis for her claims of race discrimination, and the facts supporting her compliance with the administrative exhaustion requirements. Namely, to maintain a timely

Title VII claim, a plaintiff must: "(1) file a timely charge with the EEOC, (2) receive an EEOC right-to-sue letter, and (3) file an action within 90 days of receipt of that letter." *Collier v. Boymelgreen Dev.*, No. 06 CV 5425(SJ), 2007 WL 1452915, at *2 (E.D.N.Y. May 17, 2007) (citing *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir. 1996)). This is a precondition to bringing a Title VII claim in federal court, and Smith should detail her compliance with those requirements in any amended complaint.

### E.    Leave to Amend

As noted above, leave to amend is generally granted upon dismissal of a *pro se* plaintiff's complaint. The Court questions the propriety of that in this case given Plaintiff's failure to defend against the motion to dismiss, despite several extensions of time. Yet, because Defendant failed to expressly address the Title VII claim, and giving Plaintiff the benefit of the doubt, the Court will afford Plaintiff an opportunity to file an amended complaint.

## CONCLUSION

For the foregoing reasons, the Court grants the motion to dismiss (Dkt. 13) but because of Plaintiff's *pro se* status, the claims are dismissed without prejudice. Plaintiff may file an amended complaint within thirty (30) days of the date of this Decision and Order in an attempt to cure the deficiencies identified herein. The Clerk of Court shall send to Plaintiff with this Decision and Order a blank § 1983 complaint form, blank discrimination complaint form, and the instructions for preparing a discrimination claim and an amended complaint.

<u>Plaintiff is cautioned that if she does not file an amended complaint by this deadline, the Clerk of Court shall enter judgment in favor of Defendant and close this case as dismissed with prejudice</u>.

Finally, in the event the case is closed because Plaintiff fails to file an amended complaint, this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Decision and Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Judge

Dated:   March 2, 2026
         Rochester, New York